```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

ALEXANDER CHEMICAL CORPORATION, )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  10-7656
                                )
G.S. ROBINS & COMPANY,          )
                                )
               Defendant.       )

## MEMORANDUM ORDER

G.S. Robins & Company ("Robins") has filed its Answer, Affirmative Defenses ("ADs") and Counterclaims against Alexander Chemical Corporation ("Alexander"). This memorandum order is issued sua sponte to address problematic aspects of that responsive pleading.

To begin with, various Robins responses (Answer ¶¶10, 13, 17, 35, 36, 42, 51 and 63[1]) follow its invocation of the disclaimer authorized by Fed. R. Civ. P. ("Rule") 8(b)(5) by adding the phrase "and, on that basis, denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Next, certain of the ADs also call for brief comments. Here

---

[1] If this Court's review has missed any paragraphs of the Answer that share the problem identified in the text, the ruling here extends to those as well.

they are:

1. AD 1 does nothing more than repeat the position that Robins has staked out throughout its Answer, in which it takes issue with Alexander's position on the facts. As such, that approach does violence to the underlying concept of Rule 8(c) and the caselaw applying it--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Hence AD 1 is stricken.

2. AD 2 poses somewhat of a variant on what has been said regarding AD 1. It will be left in place, however, to enable the parties and this Court to address the question as to why, if Alexander's unilateral issuance of "Additional Terms and Conditions" assertedly altered the parties' understanding and practice, Robins continued to deal with Alexander over a period of years without objecting to that unilateral change. This Court of course expresses no ultimate view on whether that continued performance amounted to a ratification or a forfeiture (or waiver) of the asserted AD, but it would appear plain that the subject will have to be addressed to resolve the parties' controversy.

3. AD 3 poses the same issue as AD 2. It too will be permitted to remain for future resolution.

Finally, it does not appear that Robins' Counterclaims provide anything other than the flipside of Alexander's claims.

But because Robins' position is that it is owed money under its version of the parties' dealing, the Counterclaims will stand, and Alexander will be required to file its Answer pursuant to Rule 7(a)(3).

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:   June 6, 2011